Dear Chairman Gaspard:
You requested the opinion of this office concerning two recent acts of the 2003 Louisiana Legislature, namely Act 791 and Act 792, pertaining to property taxes paid under protest.
Act 791 of the 2003 Regular Session amends R.S. 47:1856 (E) which provides funds paid under protest can be used only for non-recurring expenses, except for very limited exceptions. The statute also provides that if a court determines that the assessed valuation of the property is less than the amount determined by the Louisiana Tax Commission, the company/owner shall be entitled to a credit against future property taxes in the affected jurisdiction or a refund in cash from each jurisdiction affected. Act 791 provides that if the company chooses a refund, the refund shall be paid by the tax collector no later than March 31st of the year subsequent to any final determination. Prior to the amendment, the refund was due no later. than ninety days from the date on which the judgment was rendered and became final.
Act 792 of the 2003 Regular Session also amends R.S. 47:1856 (E) to delete the portion dealing with the use of funds paid under protest. Under Act 792, the company paying under protest must give written notice to specified persons of the amount of taxes that are in dispute. Act 792 also amends R.S. 47:2110 to provide that the assessor or the tax commission may have adjudicated or file a rule to show cause compelling a taxpayer who has paid taxes under protest to specify the amount of taxes that the taxpayer deems to be in dispute. Act 792 retains that portion of R.S. 47:2110 which provides that upon receipt of the notice of the payment under protest to the designated officials, "the amount so paid shall be segregated and held by the officer for a period of thirty days. If a suit is timely filed . . . then that portion of the taxes paid that are in dispute shall be deemed as paid under protest and such amount shall be segregated and shall be further held pending the outcome of the suit."
General rules of statutory interpretation include the following provisions of our Civil Code and Revised Statutes:
 C.C. art. 9: "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."
 C.C. art. 10: "When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law."
 C.C. art. 11: "The words of a law must be given their generally prevailing meaning . . ."
 C.C. art. 12: "When the words of a law are ambiguous, their meaning must be sought be examining the context in which they occur and the text of the law as a whole."
 C.C. art. 13: "Laws on the same subject matter must be interpreted in reference to each other."
 La.R.S. 1:3: "Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning . . ."
 La.R.S. 1:4: "When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit."
We believe that the two statutes may be read together to provide that protested funds are to be segregated and held until the suit is resolved (as per Act 792), however, once there is a final determination, if the taxpayer requests a refund, the refund must be made no later than March 31st of the year subsequent to any final determination (as per Act 791).
Trusting this adequately responds to your request, we remain
 CHARLES C. FOTI, JR. Attorney General
 BY: ____________________ MARTHA S. HESS Assistant Attorney General
CCF, JR./MSH